UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA LAVERY-MADRUGA and JAMES MADRUGA,<br><br>Plaintiffs,<br><br>v.<br><br>CVS PHARMACY INC.; LONGS DRUG STORES CALIFORNIA, L.L.C.; and DOES 1 to 20,<br><br>Defendants. | Case No.: 22-CV-995 JLS (AHG)<br><br>**ORDER (1) DENYING PLAINTIFFS' MOTION TO REMAND TO STATE COURT AND (2) DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO AMEND THE PLEADINGS**<br><br>(ECF No. 7) |

Presently before the Court is Plaintiffs Brenda Lavery-Madruga ("Ms. Lavery-Madruga") and James Madruga's ("Mr. Madruga") (collectively, "Plaintiffs") Motion to Remand to State Court, and Motion to Amend the Pleadings ("Mot.," ECF No. 7). Also before the Court are Defendants CVS Pharmacy Inc. ("CVS") and Longs Drugs Stores California, LLC's ("Longs LLC") (collectively, "Defendants") Opposition thereto ("Opp'n," ECF No. 11) and Plaintiffs' Reply in support thereof ("Reply," ECF No. 14). The Court vacated the hearing on these matters and took them under submission on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 8. Having carefully considered the Parties' briefing, Defendants' Notice of Removal ("Notice," ECF No. 1), Plaintiffs' Complaint ("Compl.," ECF No. 1-2), the facts and

evidence in the record, and the law, the Court **DENIES** Plaintiffs' Motion to Remand and **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion to Amend the Pleadings.

## BACKGROUND

On January 8, 2020, at approximately 3:50 p.m. and while working in the course and scope of her employment as a Regional Director with Golden Glove Trading Company, Ms. Lavery-Madruga was required to enter the stockroom of the CVS Pharmacy located at 4445 Mission Boulevard, San Diego, California 92109 (the "Store"), which is owned and operated by Defendants. *See* Compl. at 8.[1] While in the stockroom performing her usual and customary duties, Plaintiff slipped and fell on an oil spill on the floor, causing her to sustain "serious orthopedic and neurological injuries." *Id.*

On January 7, 2022, Plaintiffs initiated this action in the Superior Court of California, County of San Diego, as an unlimited civil case. *Id.* at 5. The Complaint alleges three causes of action for: (1) premises liability, brought by Ms. Lavery-Madruga; (2) general negligence, also brought by Ms. Lavery-Madruga; and (3) loss of consortium, brought by Mr. Madruga. *See generally id.* The claims are asserted against Defendants as well as "Does 1-20." *Id.* at 5. Specifically, Plaintiffs allege that Does 1 through 10 "were the agents or employees of other named defendants and acted within the scope of that agency or employment," and that Does 11 through 20 "are persons whose capacities are unknown to plaintiff." *Id.* at 6.

On July 7, 2022, Defendants removed the action to this District on the basis of diversity jurisdiction. *See generally* Notice. Specifically, Defendants noted that Plaintiffs are citizens of the State of California, *see id.* ¶ 5, while both Longs LLC and CVS are citizens of the State of Rhode Island, *see id.* ¶¶ 6–8.[2] Defendants also noted that "Plaintiff's

///

---

[1] In citing to the relevant filings, the Court will reference the numbers printed in the upper righthand corner of each page by the Court's CM/ECF system.

[2] There are two paragraph eights in the Notice; here, the Court cites to the first.

counsel has represented that while the exact lien amounts are unknown at this time, Plaintiffs' damages total over $100,000." *Id.* ¶ 8.[3]

On August 5, 2022, Plaintiffs filed the instant Motion. *See generally* Mot.

## MOTION TO REMAND

Plaintiffs principally seek to remand this action back to the Superior Court for the State of California for lack of subject-matter jurisdiction. *See generally* Mot. at 8–10.

### I.   Legal Standard

A defendant may remove an action "brought in a State court of which the district courts of the United States have original jurisdiction" to federal court. 28 U.S.C. § 1441(a). Section 1441 provides two general bases for removal: diversity jurisdiction and federal-question jurisdiction. Here, Defendant asserts jurisdiction is based on diversity. *See generally* Notice. Federal courts have diversity jurisdiction "where the amount in controversy" exceeds $75,000.00 and the parties are of "diverse" state citizenship. 28 U.S.C. § 1332.

For purposes of diversity jurisdiction, a limited liability company ("LLC") "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Meanwhile, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). "Under the 'nerve center' test, a corporation's principal place of business 'should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination.'" *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (citation omitted).

The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists by a preponderance of the evidence. *McNutt v. Gen.*

---

[3] Here, the Court cites to the second paragraph eight.

*Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936); *In re Haw. Fed. Asbestos Cases*, 960 F.2d 806, 810 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

## II. Analysis

Plaintiffs contend that Defendants fail to adequately establish their citizenship because the only support provided for their alleged Rhode Island citizenship is the Declaration of Andrei V. Dumitrescu ("Dumitrescu Decl.," ECF No. 1 at 4–5). *See* Mot. at 8–9. Plaintiffs urge that, in light of the lack of any documentary evidence, Plaintiffs cannot "determine whether Defendants are companies or LLCs," and "[i]t is unclear where each business headquarters is located" or where "officers of each business live and/or direct, control, and coordinate business activities, so it is impossible to identify the principal place of business where each business resides." *Id.* Plaintiffs contend that Longs LLC is a citizen of the State of California because "[i]t is registered with the California Secretary of State, it owns and operates stores in California, and California is even in the title of its name." *Id.* at 10. Plaintiffs also argue that CVS is a citizen of California because CVS "has corporate offices in [Los Angeles,] California," from which "the corporation's officers direct, control, and coordinate the corporations [sic] activities because California makes up such a substantial part of the Defendant's business operations in terms of number of stores and percentage of the company"; accordingly, Plaintiffs claim that CVS's principal place of business is located in California as well. *Id.*

Defendants respond that, "[o]n October 30, 2008, Longs Drug Stores California, Inc. was converted to Longs Drug Stores California, L.L.C. as evidenced by its Articles of Organization." Opp'n at 11 (citing *id.* Ex. 1). The sole member of the company is Longs

Drug Stores, L.L.C. *Id.* (citing *id.* Ex. 3). "Because the sole member of Longs Drug Stores California, L.L.C. is also a limited liability company, the question of citizenship will turn on the members of Longs Drug Stores, L.L.C." *Id.* at 12. The sole member of Longs Drug Stores, L.L.C. is CVS Pharmacy, Inc. *Id.* (citing *id.* Ex. 5). Accordingly, "the issue of remand will turn on the citizenship of CVS Pharmacy, Inc." *Id.* CVS's Statement and Designation by Foreign Corporation, filed with the California Secretary of State on July 2, 2003, indicates that CVS is a corporation organized under the laws of the State of Rhode Island, "with its principal executive office at 1 CVS Drive, Woonsocket, RI 02895." *Id.* (citing *id.* Ex. 6). CVS's latest Statement of Information, filed on August 10, 2022, again indicates that CVS's principal office is located in Woonsocket, Rhode Island, and that every officer of the corporation also is located in the State of Rhode Island. *Id.* at 12–13 (citing *id.* Ex. 7). Accordingly, "CVS Pharmacy, Inc. is clearly a citizen of Rhode Island as that is both the state of its incorporation as well as the location of its principal place of business." *Id.* at 13. "Conversely, the only member of Longs Drug Stores California, L.L.C. is a holding company whose only member is also CVS Pharmacy, Inc., making Longs Drug Stores California, L.L.C. a citizen of Rhode Island." *Id.* Defendants assert that Plaintiffs' arguments concerning Longs LLC's name and registration are irrelevant to the issue of Longs LLC's citizenship. *Id.*

Plaintiff does not contest Defendants' arguments in her Reply, effectively conceding the issue of Defendants' citizenship. *See generally* Reply; *see also In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 555 F. Supp. 3d 829, 877 (N.D. Cal. 2021) (citing *Maciel v. Cate*, 731 F.3d 928, 932 n.4 (9th Cir. 2013) (holding that "failing to address [an argument] in [] reply brief" forfeits the argument)). Even were that not the case, however, the Court agrees with Defendants' analysis of their citizenship and finds, on the evidence before it,[4] that

---

[4] The Court finds it appropriate, in its discretion, to judicially notice the public records submitted by both Parties. *See* Mot. Ex. A; Opp'n Exs. 1–7; *L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 938 (C.D. Cal. 2011) (noting that "the accuracy of the results of records searches from the Secretary of State for the State of California corporate search website can be determined by readily

complete diversity exists among the present Parties to this action. Because Defendants have established, by a preponderance of the evidence, that the requirements for diversity jurisdiction are satisfied, the Court finds no basis to grant Plaintiff's Motion to Remand.

## III. Conclusion

In light of the foregoing, the Court **DENIES** Plaintiffs' Motion to Remand.[5]

## MOTION TO AMEND TO JOIN ADDITIONAL DEFENDANTS

In the alternative, Plaintiffs seek leave to amend to add one or more diversity-destroying parties. *See generally* Mot. at 10–11; Reply at 5–6.

## I. Legal Standard

If, after removal, a party seeks to add any diversity-destroying parties, 28 U.S.C. § 1447(e) explicitly grants the district court the discretion to either deny the joinder or permit joinder and remand. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998) (reviewing the district court's decision whether to permit joinder of a nondiverse party under § 1447(e) for abuse of discretion). This discretion extends to a party's amendment to substitute nondiverse "doe defendants." *Casas Office Mach. Inc. v. Mita Copystar Am., Inc.*, 42 F.3d 668, 674 (1st Cir. 1994) (explaining that the legislative history of § 1447(e) clearly indicates the provision applies not only to joinder but also to the identification of fictitious defendants after removal).

A district court's discretion here is quite broad. Establishing a flexible approach, § 1447(e) does not define what constitutes proper joinder. Scholars and courts alike have concluded that § 1447(e) permits courts to look beyond the joinder framework set forth in the Federal Rules of Civil Procedure and does not bind courts to consider solely whether joinder is "permissible" under Rules 15 and 20 or whether the party to be joined is "indispensable" under Rule 19(a). *See* Lisa Combs Foster, Note, *Section 1447(e)'s*

---

accessible resources whose accuracy cannot reasonably be questioned" and are therefore subject to judicial notice).

[5] Given this disposition, the Court also **DENIES** Plaintiffs' passing request for attorneys' fees and costs pursuant to 28 U.S.C. § 1447. *See* Mot. at 2.

*Discretionary Joinder and Remand: Speedy Justice or Docket Clearing?,* 1990 Duke L.J. 118, 122–23, 133.  As long as joinder is not fraudulent, courts have permitted joinder and remanded cases for a variety of reasons, including "no" reason.  *Id.* at 123; *see also Righetti v. Shell Oil Co.*, 711 F. Supp. 531, 533 (N.D. Cal. 1989) ("[N]either the language of section 1447(e) nor its accompanying policy statements suggest that Rules 19 and 20 control the court's decision to deny joinder, or to permit joinder and remand. As is clear from the permissive language of section 1447(e), Congress gave the court broad discretion . . . .").

Nonetheless, district courts within the Ninth Circuit, in assessing a request to add defendants after removal, have considered a variety of factors, including: (1) whether the defendants to be joined are necessary for just adjudication of the controversy, (2) whether the plaintiff could still bring the claims asserted against the putative defendants in state court; (3) whether there has been unexplained delay in seeking joinder; (4) whether plaintiff seeks joinder for the purpose of defeating federal jurisdiction; (5) whether the claims to be added appear valid; and (6) whether denial of joinder will prejudice the plaintiff.  *Palestani v. General Dynamics*, 193 F.R.D. 654, 658 (S.D. Cal. 2000) (citing William Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:1078, at 2D–202 (1999)); *Bonner v. Fuji Photo Film*, 461 F. Supp. 2d 1112, 1119–20 (N.D. Cal. 2008) (citing *Palestani*'s list of factors).

Where, as here, fraudulent joinder is alleged, the party seeking to establish or retain federal jurisdiction may show that the claim against the non-diverse parties to be joined is not bona fide—either by showing that these parties cannot be liable under any theory asserted or that they have "no real connection with the controversy"—in an attempt to defeat joinder.  *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998) (internal citation omitted).  Although this fraudulent joinder analysis is clearly warranted under Rules 19 and 20, courts have held it is neither necessary nor dispositive under a § 1447(e) analysis, where the non-diverse party is to be joined *after* removal.  *See Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 n.2 (C.D. Cal. 2002); *Gunn v. Wild,* No. C-01-4320 VRW, 2002 WL 356642, at *4–5 (N.D. Cal. Feb. 26, 2002).  Consequently, although

motive is unquestionably relevant in assessing a request under § 1447(e), *see Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999) (citing *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980)), it is not dispositive and is properly treated as one among several factors a district court may consider under § 1447(e), as *Palestani* and other cases demonstrate.

Nonetheless, the Civil Local Rules for the Southern District of California impose an additional requirement upon a party seeking to amend her pleading, namely: "Any motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows---through redlining, underlining, strikeouts, or other similarly effective typographic methods---how the proposed amended pleading differs from the operative pleading." S.D. Cal. CivLR 15.1(b).

## II. Analysis

Here, Plaintiffs seek leave to join several nondiverse defendants who were unknown by name to Plaintiffs at the time they filed their Complaint. Mot. at 10. Specifically, Plaintiffs contend that the Store's manager[6] is a citizen of California, and they ask the Court to permit them to join him as a defendant "because it will materially affect the diversity of the parties." *Id.* at 10–11. Plaintiffs further assert that two additional parties "have an interest in the litigation and . . . are necessary to a full adjudication of all issues": Hyundai Forklift of Southern California ("Hyundai") and Industrial Battery Engineering Inc. ("Industrial"), both of which Plaintiffs believe to be citizens of the State of California[7] such that the requirement of complete diversity would not be met should they be joined. Reply

---

[6] Plaintiffs name the Store's manager as Jose Dominguez but subsequently refer to a "Mr. Vasquez." Mot. at 10. The Court assumes, for purposes of its analysis, that the reference to "Mr. Vasquez" is a typographical error and that Plaintiffs are referring to the same individual.

[7] The Court judicially notices the California Secretary of State's Business Search for "Industrial Battery Engineering, Inc." indicates that the entity is a corporation formed in California with a principal address in Sun Valley, California. *See* https://bizfileonline.sos.ca.gov/search/business (last visited Sept. 30, 2022).

at 6.  With regard to Hyundai and Industrial, Plaintiff contends that the oil spill on which she slipped was caused by a leaky forklift, Mot. at 5, and that one or both of these entities repaired the forklift shortly before her slip and fall, Reply at 6.

Defendants argue that leave to amend should be denied because the Store's manager is a sham defendant Plaintiffs seek to add simply to destroy diversity.  Opp'n at 7.  Specifically, Defendants argue that the Store's manager is not a necessary party under Rule 19(a) and the claims against him are not valid, as "the putative defendant who is alleged to be the store manager[] is being sued for the purported negligence in carrying out his assigned tasks *in the course and scope of his employment*, which were carried out *in his official capacity* as employee and store manager"; therefore, he cannot be personally liable.  Opp'n at 10.  Defendants do not respond to the arguments concerning the additional two defendants Plaintiffs have identified, as they were first named in Plaintiff's Reply.

In reply, Plaintiffs argue that they believe that the Store's manager "was acting outside of the scope of reasonableness and that his actions contributed, at least in part, to Plaintiffs' injuries."  Reply at 5.  Because "Defendants have not established . . . that there is 'no possibility that [Plaintiffs] will be able to establish a cause of action'" against the Store's manager, he is not a "sham defendant."  *Id.* (citation omitted).

Although it seems likely Plaintiffs could assert valid claims against one or more of the proposed and allegedly diversity-destroying defendants they identify in their Motion and Reply, ultimately, the Court is unable to engage in a full discussion of the *Palestani* factors given Plaintiffs' failure to comply with Civil Local Rule 15.1(b) by including a proposed amended complaint and a redline of the proposed amendments against the operative pleading.  For example, Plaintiffs do not disclose what claims they intend to bring against each proposed defendant, and accordingly the Court cannot assess whether those claims appear to be valid.  Plaintiffs' failure to comply with Civil Local Rule 15.1(b) is sufficient to warrant denial of the Motion.  *See, e.g.*, *Kerns v. Wenner*, No. 316CV02438WQHWVG, 2017 WL 3394383, at *2 (S.D. Cal. Aug. 7, 2017) (denying motion to amend to include a defendant and increase requested monetary relief where party

failed to comply with Civil Local Rule 15.1(b)); *Ervin v. Cnty. of San Diego*, No. 14CV1142 WQH BGS, 2015 WL 641244, at *2 (S.D. Cal. Feb. 13, 2015) (denying motion to amend because "[t]he failure to attach a proposed amended pleading prevents the court from determining whether the proposed amended complaint would result in undue delay, is made in bad faith, will cause prejudice to Defendant, or is a dilatory tactic") (citation omitted); *Nassiri v. Colvin*, No. 15CV0583-WQH-NLS, 2015 WL 5098470, at *14 (S.D. Cal. Aug. 31, 2015) (denying without prejudice motion to amend that was not accompanied by proposed amended complaint); *In re Midland Credit Mgmt., Inc., Tel. Consumer Prot. Act Litig.*, No. 11-MD-2286-MMA (MDD), 2020 WL 6375823, at *2 (S.D. Cal. Oct. 30, 2020) (denying motion to amend that failed to identify "what claims, parties, or allegations [the plaintiff] wishes to add" because, "without further information, Defendants cannot fairly raise a futility argument, and the Court cannot assess the propriety of her motion"). Nonetheless, given that it seems possible, and even likely, that Plaintiffs can adduce reasons why at least one of the identified nondiverse proposed defendants is properly joined to this action, the Court will permit Plaintiffs the opportunity to refile a motion to amend that makes the requisite showing.

### III. Conclusion

For the reasons provided above, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion to Amend the Pleadings.

### CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiffs' Motion to Remand to State Court (ECF No. 7) and **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion to Amend the Pleadings (ECF No. 7). Plaintiffs may renew their request to amend to name additional defendants in a motion complying with the requirements of Civil Local Rule 15.1(b).

**IT IS SO ORDERED.**

Dated: October 17, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge