UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA LAVERY-MADRUGA and JAMES MADRUGA,<br><br>Plaintiffs,<br><br>v.<br><br>CVS PHARMACY, INC. and LONGS DRUG STORES CALIFORNIA, LLC,<br><br>Defendants. | Case No.: 3:22-cv-00995-JLS-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO CONTINUE CERTAIN SCHEDULING ORDER DEADLINES**<br><br>**[ECF No. 19]** |

Before the Court is the parties' joint motion to continue certain case management deadlines. ECF No. 19. The parties seek an order from the Court extending the fact discovery cutoff, expert disclosure and reports deadline, rebuttal expert disclosure and reports deadline, expert discovery cutoff, and pre-trial motion filing deadline by approximately four months. *Id*.

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); ECF No. 13 at 5 (scheduling order, stating "[t]he dates set forth herein will not be modified except for good cause shown"); *see also* AHG.Chmb.R. at 2 (stating that any request for modification of the scheduling order "requires the approval of the Court, which will only be granted on a showing of good cause").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the fact discovery cutoff is January 6, 2023. ECF No. 13. In the instant motion, the parties have represented to the Court that, since Mr. Madruga had been hospitalized on or about December 2, 2022, and Mrs. Lavery-Madruga has been preoccupied with the care of her husband, neither plaintiff is available to timely respond to Defendants' written discovery requests or attend depositions. ECF No. 19 at 1–2. The parties also represent that the deposition of Hyundai Forklift of Southern California was cancelled due to the difficulty in confirming the serial number of the forklift at issue, and that it is unlikely that the deposition would be completed before the January 6, 2023, discovery cutoff. *Id*. at 2. Though they represent that "[a]ll reasonable steps have been taken to comply with existing deadlines," the parties concede that Plaintiff has not yet served written discovery on Defendants and the parties have not yet taken the depositions of six CVS employees who were present at the time of the incident at the center of this case. *Id*. at 2, 4. Hence, the parties seek an order from the Court extending certain scheduling order deadlines by approximately four months. *Id*. at 2–3. Specifically, the parties seek to extend the fact discovery cutoff from January 6 to May 6, extend the expert disclosure and reports deadline from February 6 to June 6, extend the rebuttal expert disclosure and reports deadline from March 6 to July 6, extend the expert discovery cutoff from April 6 to August 7, and extend the pre-trial motion filing deadline from June 2 to September 1. *Id*.

The parties have not shown the diligence necessary for the Court to find good cause to extend the deadlines by four months. The Court held the Case Management Conference ("CMC") on August 25, 2022, and specifically told counsel that they needed to swiftly get started on discovery. ECF No. 12 at 0:51–1:01. However, the parties did not diligently start pursuing discovery—almost four months after the CMC, Plaintiff has not yet served written discovery and the parties have not yet deposed witnesses. ECF No. 19 at 2. Mr. Madruga's *December* hospitalization is not enough to excuse a lack of diligence from August to November, and the parties did not meet their burden to persuade the Court that they were diligent between August and November. *See* AHG.Chmb.R. at 2 (requiring that motions to continue contain "[a] declaration from the counsel seeking the continuance <u>that describes the steps taken to comply with the existing deadlines</u>, and the specific reasons why the deadlines cannot be met") (emphasis added). In light of Mr. Madruga's hospitalization and the necessary rescheduling of his depositions, and the IMEs and deposition of Mrs. Lavery-Madrgua, the Court does find good cause to grant a slight extension. Therefore, the Court **GRANTS IN PART AND DENIES IN PART** the motion as follows:

1.  All fact discovery shall be completed by all parties by **March 3, 2023**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court. The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in

dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

      2.     The parties shall designate their respective experts in writing by **April 3, 2023**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid.  This requirement is not limited to retained experts.  The date for exchange of rebuttal experts shall be by **May 3, 2023**.  The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

      3.     By **April 3, 2023**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).

      4.     Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **May 3, 2023**.

      5.     All expert discovery shall be completed by all parties by **June 2, 2023**.  The parties shall comply with the same procedures set forth in the paragraph governing fact discovery. Failure to comply with this section or any other discovery order of the court

may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

6. All other pretrial motions must be filed by **July 3, 2023**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

7. All other dates, deadlines, and procedures set forth in the Court's Scheduling Order (ECF No. 13) **remain in place**, except as explicitly modified by this Order.

**IT IS SO ORDERED.**

Dated: December 15, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge