UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA LAVERY-MADRUGA and JAMES MADRUGA,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CVS PHARMACY, INC. and LONGS DRUG STORES CALIFORNIA, LLC,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:22-cv-00995-JLS-AHG<br><br>**ORDER GRANTING IN PART JOINT MOTION TO CONTINUE CERTAIN SCHEDULING ORDER DEADLINES**<br><br>**[ECF No. 22]** |

　　　Before the Court is the parties' joint motion to continue certain case management deadlines. ECF No. 22. The parties seek an order from the Court extending the fact discovery cutoff, expert disclosure and reports deadline, rebuttal expert disclosure and reports deadline, expert discovery cutoff, and pre-trial motion filing deadline by approximately three months. *Id.* The parties previously received a two-month continuance of these same deadlines. ECF No. 20. In its order granting in part and denying in part the parties' first request for continuance, the Court explained: "The parties have not shown the diligence necessary for the Court to find good cause to extend the deadlines by four months. The Court held the Case Management Conference [] on August 25, 2022, and specifically told counsel that they needed to swiftly get started on discovery. ECF No. 12 at 0:51–1:01. However, the parties did not diligently start pursuing discovery ...." ECF No. 20 at 3. Upon

consideration of the parties' instant motion to extend the case management deadlines a second time, the Court continued to find a lack of diligence. *See, e.g.*, ECF No. 22 at 2 (Plaintiff's first set of discovery requests were not propounded until February 1, 2023); *Id.* (depositions of six CVS employees present at the time of the incident have not been noticed); *Id.* (Rule 30(b)(6) deposition has not been noticed). Thus, on March 1, 2023, the Court held a status conference in the matter, hearing from both sides regarding the specific reasons for the continuance. ECF No. 24. Though the Court still has concerns about the parties' diligence, for the reasons discussed during the status conference, the Court **GRANTS IN PART**[1] the motion as follows:

    1.    During the March 1, 2023, status conference, Plaintiff's counsel indicated that they will take the steps necessary to place a notice of Plaintiff James Madruga's death on the record and move to substitute an appropriate successor or representative pursuant to Federal Rule of Civil Procedure 25 in the interim.

    2.    All fact discovery shall be completed by all parties by **June 1, 2023**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court. The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any

---

[1] Though the parties requested that the Mandatory Settlement Conference and Final Pretrial Conference dates remain unchanged (*see* ECF No. 22 at 3), these dates must be modified so they do not conflict with the other extended deadlines.

discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

3.  The Court **SETS** a **Status Conference** for **June 2, 2023** at **1:30 p.m.** before the **Honorable Allison H. Goddard** via videoconference. Court staff will send the Zoom invitation to counsel of record ahead of the conference. All participants shall display the same level of professionalism during the status conference and be prepared to devote their full attention to the conference as if they were attending in person, i.e., cannot be driving or in a car while speaking to the Court. Counsel are advised that although the status conference will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., all participants must dress in appropriate courtroom attire.

4.  The parties shall designate their respective experts in writing by **July 3, 2023**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **August 1, 2023**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

5.  By **July 3, 2023**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure

requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).

6. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **August 1, 2023**.

7. All expert discovery shall be completed by all parties by **August 31, 2023**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

8. All other pretrial motions must be filed by **October 2, 2023**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

9. A Mandatory Settlement Conference shall be conducted on **December 13, 2023** at **9:30 a.m.** in the chambers of **Magistrate Judge Allison H. Goddard**. Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **November 22, 2023**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. Counsel for the parties must

meet and confer in person or by phone no later than **November 29, 2023**. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **December 6, 2023**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located on the court website at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf). Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **December 6, 2023**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules. **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard**.

10. Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **January 25, 2024**.

11. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **January 25, 2024**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

12. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **February 1, 2024**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference

1  order.

2        13.    Counsel for plaintiff will be responsible for preparing the pretrial order and
3  arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By
4  **February 8, 2024**, plaintiff's counsel must provide opposing counsel with the proposed
5  pretrial order for review and approval.  Opposing counsel must communicate promptly
6  with plaintiff's attorney concerning any objections to form or content of the pretrial order,
7  and both parties shall attempt promptly to resolve their differences, if any, concerning the
8  order.

9        14.    The Proposed Final Pretrial Conference Order, including objections to any
10 other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and
11 lodged with the assigned district judge by **February 15, 2024**, and shall be in the form
12 prescribed in and comply with Local Rule 16.1(f)(6).

13       15.    The final Pretrial Conference is scheduled on the calendar of the **Honorable**
14 **Janis L. Sammartino** on **February 22, 2024** at **1:30 p.m.**

15       16.    The parties must review the chambers' rules for the assigned magistrate judge.

16       17.    A post trial settlement conference before a magistrate judge may be held
17 within 30 days of verdict in the case.

18       18.    The dates and times set forth herein will not be modified except for good cause
19 shown.

20       19.    Briefs or memoranda in support of or in opposition to any pending motion
21 shall not exceed twenty-five (25) pages in length without leave of a district court judge.
22 No reply memorandum shall exceed ten (10) pages without leave of a district court judge.
23 Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents
24 and a table of authorities cited.

25     **IT IS SO ORDERED.**

26 Dated:  March 1, 2023

                                                                 *[signature]*
                                            Honorable Allison H. Goddard
                                            United States Magistrate Judge