# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA LAVERY-MADRUGA,<br><br>         Plaintiff,<br><br>EMPLOYERS ASSURANCE COMPANY,<br><br>        Intervenor Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC. and LONGS DRUG STORES CALIFORNIA, LLC,<br><br>         Defendants. | Case No.: 3:22-cv-00995-JES-AHG<br><br>**ORDER GRANTING IN PART JOINT MOTION TO CONTINUE CERTAIN SCHEDULING ORDER DEADLINES**<br><br>**[ECF No. 34]** |

  Before the Court is the parties' joint motion to continue certain case management deadlines. ECF No. 34. The parties seek an order from the Court extending the fact discovery cutoff, expert disclosure and reports deadline, rebuttal expert disclosure and reports deadline, and expert discovery cutoff, by approximately 80 days. *Id*. The parties previously received a two-month continuance (ECF No. 20) and a three-month continuance (ECF No. 25) of these same deadlines, and discussed their third request with the undersigned during the June 2, 2023, status conference. ECF No. 30. Upon consideration of the parties' instant request, the Court appreciates the parties' thorough motion and

counsel's thorough declaration. ECF No. 34. Though the Court still has concerns about the parties' diligence,[1] the Court finds good cause to **GRANT**[2] the joint motion as follows:

    1.    All fact discovery shall be completed by all parties by **August 21, 2023**.[3] "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.  Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court. The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process.  If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing

---

[1] *Compare* AHG.Chmb.R. at 2 (requiring that all joint motions for continuances be filed "no less than seven calendar days before the affected date) (emphasis added) *with* ECF No. 34 (instant motion, filed twelve days after the affected date).

[2] Though the parties requested that the Final Pretrial Conference dates remain unchanged (*see* ECF No. 34 at 3), these dates must be *slightly* modified due to scheduling conflicts, e.g., rescheduling the pretrial conference from February 22, 2024, to February 21, 2024.

[3] Certain specific dates the parties requested have been changed. For example, August 20, 2023, is a Sunday; October 21, 2023, is a Saturday; and November 19, 2023, is a Sunday.

counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

2. The parties shall designate their respective experts in writing by **September 21, 2023**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **October 23, 2023**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. By **September 21, 2023**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).

4. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **October 23, 2023**.

5. All expert discovery shall be completed by all parties by **November 20, 2023**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

//

6. A Mandatory Settlement Conference shall be conducted on **December 13, 2023** at **9:30 a.m.** in the chambers of **Magistrate Judge Allison H. Goddard**. Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **November 22, 2023**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. Counsel for the parties must meet and confer in person or by phone no later than **November 29, 2023**. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **December 6, 2023**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located on the court website at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf). Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **December 6, 2023**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules. **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.**

7. Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **January 24, 2024**.

8. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **January 24, 2024**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

     9.    Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **January 31, 2024**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

     10.    Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **February 7, 2024**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

     11.    The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **February 14, 2024**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

     12.    The final Pretrial Conference is scheduled on the calendar of the **Honorable James E. Simmons, Jr.** on **February 21, 2024** at **1:30 p.m.**

     13.    The parties must review the chambers' rules for the assigned district judge and magistrate judge.

     14.    A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

     15.    The dates and times set forth herein will not be modified except for good cause shown.

//

16. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

**IT IS SO ORDERED.**

Dated: June 13, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge